UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:09-CR-119-KAC-JEM ) |
| MELVIN J. ANDERSON, | ) ) |
| Defendant. | ) ) |

**MEMORANDUM OPINION AND ORDER DENYING**
**MOTION FOR COMPASSIONATE RELEASE**

Defendant Melvin J. Anderson filed a pro se motion and "Memorandum of Law in Support of Emergency Motion for Compassionate Release pursuant to 18 USC § 3582(c)(1)(A)(i)" [Doc. 50], asking the Court to reduce his sentence "to time served and immediate release" [*Id.* at 1]. The Federal Defender Services of Eastern Tennessee ("FDSET") filed a Supplement to Defendant's motion [Doc. 52], and the United States filed a Response [Doc. 53]. For the reasons stated below, the Court denies Defendant's motion. *See* 18 U.S.C. § 3582(c)(1)(A).

**I.     Background**

On September 15, 2009, the Grand Jury charged Defendant with possessing with intent to distribute five (5) grams or more of a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance, on or about April 29, 2009, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) (Count Three), [Doc. 3 at 2], along with two (2) other counts of possessing with intent to distribute cocaine base, [*see id.* at 1]. The United States filed an Information under 21 U.S.C. § 851 to increase Defendant's potential punishment based on certain prior serious drug felony convictions in the state of Tennessee [Doc. 16]. On June 7, 2010, Defendant pleaded guilty to Count Three [Docs. 32; 33]. At sentencing, the Court dismissed the

1

other two (2) counts against Defendant [Doc. 48 at 1]. Because Defendant had two (2) then-qualifying prior controlled substance offenses and due to the nature of the instant offense, Defendant was classified as a career offender [*See* Presentence Investigation Report (PSR) ¶ 30].[1] The Court sentenced Defendant to 188 months' imprisonment, followed by an eight-year (8-year) term of supervised release [Doc. 48 at 2-3]. Defendant has served nearly eight (8) years of his custodial sentence, [*see* Doc. 50-2 at 2], and expects to complete his term of imprisonment on October 13, 2027. *See* Inmate Locator, Federal Bureau of Prisons, *available at* https://www.bop.gov/inmateloc/ (accessed Mar. 20, 2023).

On July 11, 2022, Defendant submitted a request for the Warden of FCI Yazoo City to "proceed with a compassionate release motion on [his] behalf" because of (1) his "numerous amounts of self help courses" and "vocational classes" and (2) Sixth Circuit cases under which he "would no longer be designated and defined as a career offender" [Doc. 50-2 at 5-6]. On August 9, 2022, the Warden denied Defendant's request because he did not present "extraordinary or compelling circumstances" [*Id.* at 4]. But on January 4, 2023, the Bureau of Prisons (BOP) transferred Defendant to home confinement [Doc. 55-2 at 1].

Defendant filed the instant motion under 18 U.S.C. § 3582(c)(1)(A) before he was transferred to home confinement [Doc. 50]. Defendant raised three (3) purported "extraordinary and compelling reasons" to support his request to be released immediately. ***First***, Defendant contended that the "new rules of constitution[al] law" from the Sixth Circuit's decisions in *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019) (en banc) (per curiam), and *United States v. Cordero*, 973 F.3d 603 (6th Cir. 2020), "invalidate[]" his "designation as a career offender" and render his guidelines range "different if his sentence was computed today" [*Id.* at 2-3]. ***Second***, Defendant

---

[1] The PSR in this case was not docketed, but it is on file with the Court.

cited his "extraordinary rehabilitation" and "extensive programming" [*Id.* at 3, 5]. **Third**, Defendant referenced the "harsh punitive conditions" of his confinement during the COVID-19 pandemic [*Id.* at 5]. The United States asserted that Defendant "has not shown any extraordinary and compelling reason for his release" because the recent Sixth Circuit cases Defendant cited are "nonretroactive rule[s] only applicable on direct review" and Defendant's "rehabilitative efforts, no matter how commendable, do not constitute an extraordinary and compelling reason for release" [Doc. 55 at 4-5]. The United States further asserted that Defendant failed to exhaust his administrative remedies as to his request for compassionate release based on the COVID-19 pandemic [*Id.* at 3]. Finally, the United States noted that the Section 3553(a) factors "do not weigh heavily for or against" Defendant's release because BOP recently transferred Defendant to home confinement [*Id.* at 7].

II.     Analysis

Generally, a district court "does not have the authority to change or modify [a] sentence unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013). 18 U.S.C. § 3582(c)(1)(A) provides narrow circumstances under which the Court may reduce an incarcerated individual's sentence. *See* 18 U.S.C. § 3582(c)(1)(A). As a threshold matter, the individual must have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the [individual's] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility[.]" 18 U.S.C. § 3582(c)(1)(A). If that threshold requirement is met as to at least a sufficient basis for relief,[2] a district court may reduce a sentence where the Court finds that (1) "extraordinary and

---

[2] Defendant specifically satisfied the threshold exhaustion requirement as to his status as a career offender and rehabilitative efforts [*See* Doc. 50-2 at 5-6]. But he did not raise the impact of the COVID-19 pandemic on the conditions of his confinement in his request to the Warden [*See id.*].

3

compelling reasons warrant a sentence reduction," (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," and (3) the Section 3553(a) factors, to the extent they apply, support a reduction. *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021) (internal quotations omitted). The "district courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *Id.* at 519.

Defendant has not established "extraordinary or compelling reasons" warranting a sentence reduction. Section 3582(c)(1)(A) "sets a legal standard: It requires 'extraordinary *and* compelling reasons' to modify a prisoner's already-final sentence." *United States v. Hunter*, 12 F.4th 555, 562 (6th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)). "Extraordinary" means "'most unusual,' 'far from common,' and 'having little or no precedent,'" and "compelling" means "'forcing, impelling, driving.'" *Id.* (quoting Webster's Third New International Dictionary: Unabridged 807 (1971)). Defendant's rehabilitative efforts, on their own, do not constitute an "extraordinary and compelling reason." *See* 28 U.S.C. § 994(t). Nor do the cases Defendant cites establish an extraordinary and compelling reason, considered on their own or in concert with Defendant's rehabilitation. Nonretroactive changes in sentencing law are not "extraordinary and compelling reasons" warranting relief under Section 3582(c)(1)(A). *See United States v. McCall*, 56 F.4th 1048, 1055 (6th Cir. 2022) (en banc). "*Havis*, a nonretroactive judicial decision announcing a new rule of criminal procedure, cannot serve as a basis for relief." *Id.* at 1061. Because "*Cordero* merely extends *Havis* to a related set of offenses, it doesn't apply retroactively either." *United States v. Akridge*, No. 21-5803, 2023 WL 2469184, at *4 (6th Cir. Mar. 13, 2023). *Cordero*

---

*See United States v. Wardle*, No. 18-57, 2021 WL 4822827, at *2 (E.D. Ky. Oct. 14, 2021) (dismissing without prejudice motion for compassionate release on grounds that "were never presented to the BOP").

4

likewise, therefore, does not "serve as a basis for relief." *See McCall*, 56 F.4th at 1061. Finally, Defendant has not shown that he has any particular health condition that puts him at increased risk, especially "with COVID-19 vaccinations now available to federal prisoners." *See United States v. McKinnie*, 24 F.4th 583, 588 (6th Cir. 2022) (citing *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021)). And the BOP has already transferred Defendant to home confinement, removing any further risk of COVID-19 that may be associated with confinement in a federal prison. Without "extraordinary and compelling reasons," the Court cannot grant Defendant's request. *See Elias*, 984 F.3d at 519.

Accordingly, the Court **DENIES** Defendant's pro se motion and "Memorandum of Law in Support of Emergency Motion for Compassionate Release pursuant to 18 USC § 3582(c)(1)(A)(i)" [Doc. 50].

IT IS SO ORDERED.

_____
KATHERINE A. CRYTZER
United States District Judge

5

Case 3:09-cr-00119-KAC-JEM   Document 57   Filed 03/20/23   Page 5 of 5   PageID #: 207